**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHAWN L CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-1707-SMY-GCS |
| | ) |
| FEDERAL EXPRESS CORPORATION, | ) |
| FEDEX CORPORATION, FEDEX | ) |
| GROUND PACKAGE SYSTEM, INC., | ) |
| FEDEX GROUND PACKAGE SYSTEM, | ) |
| INC. d/b/a FEDEX GROUND, FEDEX | ) |
| FREIGHT, INC., FEDEX FREIGHT | ) |
| SYSTEM, INC., TAGGART | ) |
| TRANSPORTATION, TAGGART | ) |
| TRUCKING, INC. JAMES A VEACH, | ) |
| and RANDY R. JEFFREY, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"). For the following reasons, this case is **REMANDED** to the Circuit Court of Cook County, Illinois.

Plaintiff Shawn L. Carter filed this action in the Circuit Court of Cook County, seeking damages against Defendants Federal Express Corporation, FEDEX Corporation, FEDEX Ground Package System, Inc., FEDEX Ground Package System, Inc., d/b/a FEDEX Ground, FEDEX Freight, Inc., FEDEX Freight System, Inc., Taggart Transportation Company, Taggart Trucking, Inc., James A. Veach, and Randy R. Jeffrey. Plaintiff asserts negligence claims in relation to a car accident that occurred on I-64 in St. Clair County, Illinois (Counts 1-16).

On July 16, 2018, Defendant FEDEX Ground Package System, Inc. ("FGPS") removed the action to the United States District Court for the Northern District of Illinois, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332; none of the remaining Defendants consented to removal (Doc. 1).  In support of the Notice of Removal, FGPS sets forth the citizenship of some, but not all, of the parties: Plaintiff is alleged to be a citizen of Illinois; Defendant FGPS is alleged to be a citizen of Delaware and Pennsylvania; Defendant Taggart Transportation Company, Inc. is alleged to be a citizen of Minnesota and Tennessee; Defendant Veach is alleged to be a resident of Missouri; and Defendant Jeffrey is alleged to be a resident of Tennessee.  The case was transferred to this Court on September 11, 2018 (Doc. 24).

A defect in the removal procedure requires remand of an action to state court.  28 U.S.C. § 1447(c).  The propriety of removal is to be strictly construed against removal, with all doubts resolved in favor of remand.  *See People of the State of Ill. v. Kerr-McGee Chem. Corp.,* 677 F.2d 571, 576 (7th Cir. 1982).

All defendants must either join in or consent to a notice of removal within the 30-day period provided by 28 U.S.C. § 1446.  *McMahon v. Bunn-O-Matic Corp.,* 150 F.3d 651, 653 (7th Cir. 1998).  A Notice of Removal is facially defective if it is not joined by all defendants or fails to explain why all defendants have not consented.  *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7th Cir. 1993).  In order to "join" the petition for removal, defendants must support it in writing or explain why written support is unnecessary.  *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir. 1994) (citing *Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 272-73 (7th Cir. 1982)).

This case became removable on June 25, 2018, when FGPS was served with a copy of the Summons and Complaint (Doc. 1, p. 2).  Thus, pursuant to 28 U.S.C. § 1446(b), FGPS had thirty days – until July 25, 2018 – to file a proper Notice of Removal.  FGPS removed the case on July

16, 2018. While no other Defendant consented to removal, at least Defendant FEDEX Freight, Inc. had been served with the Summons and Complaint on June 25, 2016 (Doc. 32-4).[1] FGPS does not explain why Defendant FEDEX Freight, Inc. or the other defendants did not consent.

Additionally, FGPS did not state the citizenship of Federal Express Corporation, FEDEX Corporation, FEDEX Freight, Inc., FEDEX Freight System, Inc., Taggart Transportation Company, or Taggart Trucking, Inc. and its statement as to the residence of Defendants Veach and Jeffrey are obviously deficient. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824–25 (7th Cir. 2013) ("The removing defendant has the burden of proving the jurisdictional predicates for removal."); *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001) ("An allegation of residency, however, is insufficient to establish diversity jurisdiction."). No amendment to the Notice of Removal has been timely made.

For the foregoing reasons, the Court finds that the removal is defective and that remand is warranted under 28 U.S.C. § 1447(c). Accordingly, the case is hereby remanded back to the Circuit Court of Cook County, Illinois. The Clerk of Court is **DIRECTED** to close this case and all pending motions are terminated as **MOOT**.

**IT IS SO ORDERED.**

**DATED: February 27, 2019**

        **s/ Staci M. Yandle**
        **STACI M. YANDLE**
        **United States District Judge**

---

[1] Defendant FGPS along with Defendants Taggart Transportation Company, James A. Veach (who is listed as Anthony James Veach), and Randy R. Jeffery filed a Motion to Dismiss on January 18, 2019 (Doc. 32). The Motion erroneously states that Defendant Taggart Transportation Company was served on June 25, 2018. That Defendant filed an answer on August 2, 2018 after this matter was removed. Defendant FEDEX Freight, Inc., despite being served on June 25, 2018, has not filed an answer or other responsive pleading although attorney Joel Groenewold entered an appearance for it on September 18, 2018.